Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 7824 | DATE | JAN 0 9 2012 |
| CASE TITLE | Byron K. Terrell (#2010-0403086) vs. Cook County Correctional, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint [#6] is stricken; however, the plaintiff is granted thirty days to submit a second amended complaint (plus a judge's copy and service copies). The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. The case will remain closed unless the plaintiff submits a second amended complaint within thirty days of the date of this order.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that health care providers at the jail violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied proper care, treatment, pain management, and rehabilitative therapy for an injured knee and shoulder.

On December 28, 2011, the court dismissed the case in light of the plaintiff's failure to submit an amended complaint, as directed; however, the dismissal order crossed in docketing with the plaintiff's belatedly-filed amended complaint.

Unfortunately, the amended complaint does not satisfy Fed. R. Civ. P. 8(a)'s basic pleading requirements. The amended complaint names three individuals as defendants in the Parties section, but the body of the complaint is devoid of any mention of those individuals. In order to survive a threshold review under 28 U.S.C. § 1915A, a complaint must give each defendant basic notice of the wrong he is alleged to have committed. *See, e.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "). In other

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

words, the plaintiff must indicate how each named defendant was personally and directly involved in the alleged denial of needed medical care.

For the foregoing reasons, the amended complaint is dismissed, without prejudice. The plaintiff is granted thirty days in which to submit a second amended complaint. The second amended complaint should set forth the basic facts showing how each named defendant acted with deliberate indifference to the plaintiff's serious medical needs. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **The plaintiff is once again reminded that he must provide the court with the original plus a judge's copy of every document filed; he must also submit a sufficient number of copies for service on each defendant named in the second amended complaint.**

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint, without reference to prior pleadings. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails to comply within thirty days, the case remain closed.

FILED-EDT
2012 JAN -9 PM 2:37
CLERK
U.S. DISTRICT COURT